## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM HUEBBE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| OKLAHOMA CASTING CO., an | ) | |
| Oklahoma corporation;  LEGEND | ) | NO. CIV-06-306-D |
| LIGHTING; GARY SMITH, individually | ) | |
| and as officer, director, shareholder, | ) | |
| proprietor and employee of Oklahoma | ) | |
| Casting Co.; BLACK FOREST DECOR, | ) | |
| L. L.C., an Oklahoma limited liability | ) | |
| company; JASON DUPUS, individually and | ) | |
| as member, proprietor and employee of Black | ) | |
| Forest Decor, L. L. C., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion for Partial Summary Judgment [Doc. No. 101].[1]

Plaintiff has timely responded, and Defendants have filed a Reply.[2]  Defendants seek judgment on

all copyright infringement claims asserted by Plaintiff in Count I of the Amended Complaint; they

also seek judgment on the Count III claims based on Section 43(a) of the Lanham Act, 15 U. S. C.

§ 1125(a) ("Lanham Act").

I. Background:

Plaintiff brought this action to enforce his ownership of copyrights for numerous sculptures

---

[1]Plaintiff has also filed a Motion for Partial Summary Judgment [Doc. No. 100], and that motion is addressed in a separate order.

[2]Defendants have also filed an opposed application [Doc. No. 113] for leave to file pages omitted from Exhibit B to their brief.  That application is GRANTED, and the subject pages have been considered by the Court as included in Exhibit B.

and  designs depicting animal themes.  He alleges that Defendants Oklahoma Casting Co. ("OCC"),

Legend Lighting ("Legend"), and  Gary Smith ("Smith")[3] have infringed his copyrights, and are

liable pursuant to 17 U. S. C. § 501.  He also alleges Defendants have  breached  certain licensing

agreements, and he asserts a claim for unfair competition/false designation of origin under the

Lanham Act, 15 U. S. C. § 1125(a) ("Lanham Act").

Plaintiff is a New York sculptor whose works include designs depicting animals; most are

anthropomorphic depictions showing the animals  wearing human clothing.  Certain of these designs

have been incorporated in lighting fixtures, candle holders, and similar decorative items which he

has created and marketed since 1987.  He contends these are widely recognized and highly regarded

in the lighting fixture industry, and he has obtained numerous registered copyrights for specific

designs as well as for several series of items depicting a specific animal.  Plaintiff also designs and

manufactures chandeliers; some of these incorporate his copyrighted designs, and others are subject

of separate copyrights.

OCC is an Oklahoma corporation which manufactures gift items and decorative accessories,

including lighting fixtures, which are marketed to the gift, furniture and interior design industries.

Legend is not a corporation or separate entity, but is a trade name for OCC's chandelier product line.

 Defendant Smith is an owner, shareholder and operator of OCC.

Plaintiff alleges that Defendants infringed his copyrights by copying  his designs and by

manufacturing and selling lighting fixtures and other items incorporating the infringed material.

Plaintiff also alleges that, in 1999,  he granted certain  licenses to Defendants; these authorized  them

---

[3]The Amended Complaint also named Black Forest Decor, L.L.C. and Jason Dupus as defendants; however, the parties filed a Stipulation of Dismissal [Doc. No. 62] in which Plaintiff's claims against these two defendants were dismissed without prejudice.

to make and sell reproductions of some of his copyrighted sculptures in exchange for payment of royalties to Plaintiff.  He alleges they breached the licensing agreements by failing to pay royalties. He further alleges that the infringing items manufactured and marketed by Defendants are likely to deceive  prospective customers into believing the items have their origin with Plaintiff, and he contends their continued marketing of those items constitutes a false designation of origin in violation of the Lanham Act.   Plaintiff seeks permanent injunctive relief as well as damages, costs and fees.

II. Summary judgment standard:

Summary judgment is proper where the undisputed material facts establish that a party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A material fact is one which may affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).   To dispute a material fact, the nonmoving party  must offer more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict" for him.   *Id.*   Upon review of a summary judgment motion, the Court must view the facts and reasonable inferences therefrom in the light most favorable to the nonmoving party.  *MacKenzie v. City & County of Denver*, 414 F. 3d 1266, 1273 (10th Cir. 2005).

III.  Copyright infringement claims:

In Count I of the Amended Complaint, Plaintiff alleges that the following copyrights have been infringed:  1) the "Old Fox Series," Certificate of Copyright Registration No. VA 799-892, filed in July 1996; 2) the "Server Series," Certificate of Copyright Registration No. VA 742-025, filed on September 12, 1995; 3) the "Old Monkey" sculpture, Certificate of Copyright Registration

No. VA-721-919, filed on March 1, 1995; 4) the "Laughing Bear Series," Certificate of Copyright

Registration No. VA 781-757, filed in April, 1996; 5) the "Black Forest Stag Series" chandelier,

Certificate of Copyright Registration No. VA 813-257, filed in February of 1997; and 6) the "Stag

Series" chandelier, Certificate of Copyright Registration No. VA 813-267, filed in February, 1997.[4]

 The exhibits to the Amended Complaint include the copyright registration certificates naming

Plaintiff as the author of each copyrighted item; these are accompanied by photographs showing the

copyrighted items.   It is not disputed that each copyrighted item marketed by Plaintiff displays his

name.

        Plaintiff's sculptures are utilized in decorative items including, *inter alia*, electric wall

sconces, chandeliers, and candle holders.   Defendants do not dispute that they also  manufacture

and market decorative items depicting animals and that these items include sconces, chandeliers, and

candle holders.   The parties agree that, in 1998, Defendants were marketing items which Plaintiff

believed infringed his "Old Fox" copyrighted design; Plaintiff demanded that they cease doing so.

It is also not disputed that, to resolve that dispute, Defendants paid amounts to Plaintiff as royalties

for the items they manufactured and sold.  The parties then executed licensing agreements whereby

Defendants were authorized to produce and market some of Plaintiff's copyrighted items;

Defendants agreed to account to Plaintiff for their sales of items covered by the licensing agreements

and to pay  royalties on those sales. The licensing agreements were executed on June 15, 1999 (the

"1999 Agreements").

---

[4]After the parties completed briefing the summary judgment motions, Plaintiff filed a motion  [Doc. No.  117] to amend the Amended Complaint to include the "Three Old Monkey Chandelier" copyright in his infringement claims; As set forth in the Court's separate Order, that motion has been granted.  However, the claim of infringement of this copyright is not addressed in this Order.

Defendants argue that they are entitled to judgment as a matter of law on all copyright claims asserted because Plaintiff cannot establish the essential element of ownership of those copyrights. Even if ownership could be established, Defendants argue that the copyrights for the "Black Forest Stag Series" and "Stag Series" chandeliers are not enforceable because the items are not subject to copyright protection. Even if they are protected, Defendants contend they are entitled to judgment because their products are not substantially similar to the copyrighted chandeliers. Alternatively, they contend the statute of limitations has expired on the infringement claims based on the chandeliers.

A. Essential elements of copyright infringement claims:

To prevail on his copyright infringement claims, Plaintiff must establish that 1) he possesses valid copyrights and 2) Defendants copied protectible elements of the copyrighted works. *Country Kids 'N City Slicks, Inc.*, 77 F. 3d 1280, 1284 (10th Cir. 1996) (citing *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U. S. 340, 361 (1991) and *Gates Rubber Co. v. Bando Chem. Indus., Ltd.,* 9 F. 3d 823, 831 (10th Cir. 1993)).

1. Ownership of the copyrights:

To possess a valid copyright, Plaintiff must be the owner of the work at issue. Copyright ownership "vests initially in the author or authors of the work." 17 U. S. C. § 201(a). Where ownership of a copyright is disputed, the burden of proving its validity rests with the party claiming ownership. *Autoskill v. Nat'l Educational Support Systems, Inc.*, 994 F.2d 1476, 1487 (10th Cir. 1993).

"As a general rule, the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Community*

*for Creative Non-Violence v. Reid*, 490 U. S. 730, 737 (1989) (citing 71 U. S. C. § 102).   However, ownership may also be based on the "work for hire" doctrine.   According to the Copyright Act ("Act"):

> In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright.

17 U. S. C. § 201(b). A work is "for hire" if it constitutes:

> (1) a work prepared by an employee within the scope of his or her employment; or

> (2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire.

17 U. S. C. § 101.

Defendants contend that all of the copyrights which Plaintiff seeks to enforce involve works sculpted in part by Susan Takacs ("Takacs") and an individual known as Yuri.[5]  Defendants argue that  these individuals were not Plaintiff's employees but were independent contractors who are the owners of the copyrights.  Accordingly, they contend Plaintiff cannot establish the essential ownership element for any of his infringement claims.

Because the Act does not define "employee" or the "scope of employment," the Court must apply common law  agency principles to determine if the work constitutes a work for hire under the Act.  *Community,* 490 U.S. at 750-51.   With respect to  the "Old Fox," "Server Series," and "Old Monkey" copyrights, the Court performed that analysis in its Order ruling on Plaintiff's motion for

---

[5]The record reflects that Yuri's surname is not known by the parties.

partial summary judgment. [Doc. No. 121].   In the Order, the Court applied the factors required by *Community* to the evidence in the record and concluded that both Takacs and Yuri satisfied the requirements of employees rather than independent contractors; the Court concluded their work satisfies the "work for hire" test of *Community*, and rejected Defendants' argument.  The Court will not repeat that analysis in this Order, but adopts the same as though fully set forth herein.

Based on the evidence before the Court, the same conclusion applies to Takacs' work on the items comprising the "Laughing Bear" and "Stag Series"[6] copyrights as well as all other items on which she worked while employed by Plaintiff.  As discussed in detail in the previous Order, the record reflects that the work relationship of Plaintiff and Takacs, analyzed according to the *Community* factors, was that of employer and employee as to all sculptures on which she worked. *See* Order at pages 7-11.  Takacs' work for Plaintiff satisfies the requirements of "work for hire," thereby conferring upon Plaintiff the ownership of the copyrights at issue.[7]

Defendants assert the same argument with respect to the work performed by Yuri on the "Old Monkey" design.  The Court has also rejected that argument, concluding that Yuri performed "work for hire" within the meaning of the Act.  *See* Order at pages 14-16.   The Court's analysis and conclusion regarding the work performed by Yuri are adopted as though fully set forth herein. Accordingly, Plaintiff is the owner of the "Old Monkey" copyright.

To the extent that Defendants seek judgment on all copyright infringement claims asserted

---

[6]As Defendants suggest, Plaintiff's deceased son, Richard, originally carved a stag wall sconce.  The  stag head was later modified by Takacs at Plaintiff's direction to form a candle holder which is the subject of the copyright.   The Court's discussion of the *Community* factors as applied to Takacs' work for Plaintiff and to their working relationship is equally applicable to this copyright.  The Court concludes that Plaintiff is the owner of the "Stag Series" copyright.

[7]The Court also concluded that, even if Takacs worked as an independent contractor, she has assigned to Plaintiff her rights in the copyrights on all sculptures on which she worked, and that assignment includes the right to pursue the specific infringement claims asserted in this lawsuit.  *See* Order [Doc. No.121] at pages 11-13.

by Plaintiff on the grounds that he is not the owner of the "Old Fox," "Old Monkey," "Server Series," "Laughing Bear," " Black Forest Stag"and "Stag Series" copyrights, their Motion [Doc. No. 101] is DENIED.

     2.  Proof of copying:

     To prevail on his infringement claims, Plaintiff must also prove that copying occurred. Defendants do not contest this element in their Motion.  Nor did they do so with respect to the three copyrights on which Plaintiff sought summary judgment ("Old Fox," "Old Monkey," and "Server Series.").  The Court concluded that the element of copying was thus satisfied with respect to these copyrights.  However, Defendants challenged those infringement claims on other grounds, arguing that they were authorized to manufacture and market the items on which Plaintiff's infringement claims were based. The Court concluded that material factual disputes precluded summary judgment on those infringement claims. *See* Order at pages 16-21.

     Inasmuch as Defendants do not challenge the element of copying with respect to the other copyrights at issue, the Court concludes that the elements of ownership and copying are satisfied with respect to all copyright claims asserted by Plaintiff.   However, Defendants argue that they are entitled to judgment on the infringement claims on other grounds.

     B. Defendants' defenses to the infringement claims:

      Defendants argue that, even if Plaintiff can prove the essential elements of ownership and copying, they are nevertheless entitled to judgment.   Specifically, they contend 1) the "Black Forest Stag" and "Stag Series" chandelier copyright claims  fail as a matter of law because these items are not protected by the Act; 2) even if they are protected, infringement cannot be proved because Defendants' works are not substantially similar to these items; and 3) the statute of limitations bars

recovery of damages for acts of infringement occurring more than three years prior to the filing of this lawsuit.

    1.  Copyright protectibility of the "Black Forest Stag" and "Stag Series"chandeliers:

According to Defendants, they are entitled to judgment on these copyright infringement claims because the chandeliers are "useful articles" under the Act, and copyright protection extends only to those portions of the designs that can be "identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." 17 U. S. C. § 101. The Act protects "sculptural works." 17 U. S. C. § 102(a)(5). However, it further provides:

> Such works shall include works of artistic craftsmanship insofar as their form but not their mechanical or utilitarian aspects are concerned; the design of a useful article, as defined in this section, shall be considered a pictorial, graphic or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

17 U. S. C. § 101. A "useful article" is defined by the Act as an article "having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U. S. C. § 101.

The Act makes a "critical distinction between a utilitarian object and a decorative sculptural object." *Universal Furniture International, Inc. v. Collezione Europa USA, Inc.*, 196 F. App'x 166, 171 (4th Cir. Aug. 29, 2006) (unpublished opinion). As the Fourth Circuit has explained:

> [T]he industrial design of a unique, aesthetically pleasing chair cannot be separated from the chair's utilitarian function and, therefore, is not subject to copyright protection. But the design of a statue portraying a dancer, created merely for its expressive form, continues to be copyrightable even when it has been included as the base of a lamp which is utilitarian. The objective in designing a chair is to create a utilitarian object, albeit an aesthetically pleasing one; the objective in creating a statue of a dancer is to express the idea of a dancer.

*Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., Inc.*, 74 F. 3d 488, 493 (4th Cir.

1996).

Although the Tenth Circuit has not expressly considered the application of a copyright involving an item having both utilitarian and artistic aspects, other courts have done so.  In applying § 101, the courts have determined the statute recognizes that, where the artistic aspects of the design cannot be physically separated from the useful article, the design may nevertheless be protected if "conceptual separability" exists.  *See, e.g., Pivot Point International, Inc. v. Charlene Products, Inc.,* 372 F. 3d 913, 917 (7th Cir. 2004).   There is no single test for determining the existence of conceptual separability, and courts have applied various tests.  In *Pivot Point*, the Seventh Circuit discussed the various tests, and it concluded:

> Conceptual separability exists, therefore, when the artistic aspects of an article can be "conceptualized as existing independently of their utilitarian function." *Carol Barnhart, Inc. v. Economy Cover Corp.,*773 F.2d 411, 418 (2d Cir. 1985). This independence is necessarily informed by "whether the design elements can be identified as reflecting the designer's artistic judgment exercised independently of functional influences." *Brandir Int'l, Inc. v. Cascade Pacific Lumber Co.,* 834 F.2d 1142, 1145 (2d Cir. 1987). If the elements do reflect the independent, artistic judgment of the designer, conceptual separability exists. Conversely, when the design of a useful article is "as much the result of utilitarian pressures as aesthetic choices," *Id.* at 1147, the useful and aesthetic elements are not conceptually separable.

372 F. 3d at 931.

In this case, Defendants argue that Plaintiff's chandelier designs are not protected by the Act because a chandelier is a useful article which cannot be protected.  However, as Plaintiff points out, he does not seek copyright protection for the items simply because they are chandeliers.  Rather, as Plaintiff argues, it is the sculpted animals and other design elements on the chandeliers which he contends is an artistic sculpture which is conceptually separable from the utilitarian chandelier.  As Plaintiff suggests, a sculpture embodied in a lighting fixture has been held protected  by the Act

because it represented a work of artistic craftsmanship.  *Mazer v. Stein*, 347 U.S. 201, 212-13 (1954).  In such cases, it is not the lamp or other utilitarian item that is being copyrighted; instead, it is the artistic expression reflected in the item.  *Id.* at 217.

The record in this case reflects that Plaintiff created the chandeliers at issue by first selecting and forming a chandelier ring with a specific shape he selected; he chose a ring designed to look like a tree branch, and then sculpted the wood .  Plaintiff's dep., p. 173, lines 2-16.  For the "Black Forest Stag" chandelier, he choose a specific design for the ball placed at the top of the chandelier, and he then hand-carved candlesticks.  *Id.,* p. 175, lines 24-25, p. 175, line 1; p. 178, lines 3-8; p. 182, lines 17-18.   After sculpting the component pieces, Plaintiff then used a stag head design; he changed its expression, and altered the antlers, and he created two large balls to hold the chain and hide the electric components.  Plaintiff's answers to interrogatories, No. 9.  After making a hollow casting, he put the wiring and hanging chain inside it to conceal the electrical components; he attempted to make the chandelier ring look like actual wood, and he made shades for the light fixtures which were intended to look like parchment.  *Id.*

Where a sculpture appears on an otherwise utilitarian item, the design decisions should demonstrate that the creator used independent, artistic judgment.  *Pivot Point*, 372 F. 3d at 931.  The Court concludes that the evidence in the record establishes that Plaintiff's chandeliers are not merely utilitarian objects; rather, the sculpture and design which reflect Plaintiff's artistic judgment "exercised independently of functional influences."  *Id.; see also Brandir*, 834 F.2d at 1145.  The Court thus concludes that the items included in the "Black Stag" and "Black Forest Stag" copyrights are protected by the Act.

Defendants also argue, however, that the "Black Forest Stag" design is not protectible

because Plaintiff copied it from an existing antique clock which was based on a well known Black Forest design.  Because that design is in the public domain, Defendants argue Plaintiff's inclusion of the same in his design is not protectible.

Plaintiff testified in his deposition that he owned an antique Black Forest cuckoo clock which his family had brought to the United States from Germany; he also testified that its design was an inspiration for the "Black Forest Stag" series, as it depicted a stag head surrounded by leaves carved on the exterior of the clock.  Plaintiff's dep., p. 167, lines 10-24.  However, he also testified that, with respect to the wall sconces, chandeliers, and other designs in his "Black Forest Stag" series, he altered the leaves to make them thinner and more realistic; he also carved the "branches" appearing on the ring and other portions of the chandelier, changed the texture of the branches, and altered the shape and design of the antlers.  *Id.,* pp. 168; 173-174.

As Plaintiff points out, even if a design is in the public domain, a reproduction of it may be copyrighted where it exhibits sufficiently distinguishable variations from the original, including transforming it from one medium to another.  *See, e.g.,Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F. 3d 127, 136 (2d Cir. 2003).  The degree of creativity may be "minimal" and still be subject to copyright protection.  *Id.; see also Feist*, 499 U. S. at 358.

The Court concludes that the evidence in the record establishes that, although Plaintiff based some designs on material in the public domain, he made significant and original changes to the same.  The original features of Plaintiff's designs are sufficient to qualify for copyright protection.

Accordingly, the Court concludes that the record establishes Plaintiff's chandeliers are not excluded from copyright protection because they are useful articles; rather, Plaintiff's artistic expressions are conceptually separable from the utilitarian function of these items.    The Court

further finds that Plaintiff's items are not excluded from copyright protection as based on material in the public domain. To the extent Defendants seek judgment on these bases, their motion is denied.

2. Whether substantial similarity exists:

Defendants next argue that, even if Plaintiff's works are protected, he cannot prevail on his infringement claims because Defendants' items are not substantially similar to Plaintiff's copyrighted items. As Plaintiff correctly notes, however, substantial similarity is a fact question which should not be resolved in a summary judgment ruling. *See Jacobsen v. Deseret Book Co.*, 287 F. 3d 936, 943 (10th Cir. 2002); *Jones v. Blige*, 558 F. 3d 485, 490 (6th Cir. 2009); *Leigh v. Warner Bros., Inc.,* 212 F. 3d 1210, 1216 (11th Cir. 2000); *A.A. Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 977 (2d Cir.1980). Summary judgment may be granted for a defendant only if the Court determines the works are so dissimilar that no finder of fact could resolve the issue in favor of the plaintiff. *Jones*, 558 F. 3d at 490.

In this case, substantial similarity is a question of fact which must be resolved at trial. Clearly, the works at issue are sufficiently similar that the Court could find in Plaintiff's favor. Accordingly, the Court cannot properly grant summary judgment to Defendants. Their motion on this issue is denied.

3. Whether the infringement claims are barred by the statute of limitations:

Defendants next argue that Plaintiff cannot recover damages for any infringement that occurred more than three years prior to the March 23, 2003 filing of this lawsuit. Pursuant to the Act, a copyright infringement claim must be brought "within three years after the claim accrued." 17 U. S. C. § 507(b). An infringement cause of action accrues "when the plaintiff knows or has

reason to know of the existence and cause" of the infringement. *Home Design Services, Inc. v. B&B Custom Homes, LLC*, 509 F. Supp. 2d 968, 972 (D. Colo. 2007); *Fisher v. United Feature Syndicate, Inc.*, 37 F. Supp. 2d 1213, 1216 (D. Colo. 1999)(citing *Roley v. New World Pictures, Ltd.*, 19 F. 3d 479, 481 (9th Cir. 1994)). That an infringement claim is partially or wholly barred by limitations is a proper issue for summary adjudication. *Rocking Chair Enterprises, L.L.C. v. Macerich SCG Ltd. Partnership,* 407 F. Supp. 2d 1263, 1266 n. 2 (W. D. Okla. 2005).

In this case, the date on which Plaintiff knew or should have known of Defendants' alleged infringement is not clear from the record before the Court. Accordingly, this issue is subject to a material factual dispute which cannot be properly resolved in a summary judgment ruling. To the extent Defendants seek a ruling, the motion must be denied.

IV.  Plaintiff's Lanham Act claim:

Defendants also seek judgment as a matter of law on Plaintiff's claim that they have violated Section 43(a) of the Lanham Act by marketing goods which are likely to confuse or mislead the public as to the origin, source, or affiliation of the goods. Plaintiff contends that Defendants' marketing of the allegedly  infringing items also creates a cause of action under the Lanham Act because the public may be misled into believing that Defendants' products are actually those designed by Plaintiff.

In their motion, Defendants contend they are entitled to judgment on this claim because Plaintiff's rights are limited to those provided by the Copyright Act, and he cannot also pursue a §43(a) Lanham Act claim. Citing *Dastar v. Twentieth Century Fox*, 539 U.S. 23 (2003), Defendants contend the § 43(a) claim is barred as a matter of law. Plaintiff argues that *Dastar* does not prohibit a party claiming copyright infringement from also asserting a false designation of origin claim under

§ 43(a).

Defendants' argument is based on the statement in *Dastar* that the Lanham Act must be carefully construed to avoid "misuse or over-extension of trademark and related protections into areas traditionally occupied by patent or copyright." *Id.* at 34.   Defendants contend that, because Plaintiff's § 43(a) false designation claim emanates from the alleged infringement of his copyrights, his remedies are confined to those provided by copyright law; they argue that permitting him to also proceed with a § 43(a) claim would be an improper extension of trademark law.

Plaintiff concedes that, where a Lanham Act claim is asserted with a copyright infringement claim, the author "must make a greater showing that the designation of origin was false" and is based on an "affirmative act" in which the defendant "falsely represented himself to be the owner." *Weber v. Geffen Records, Inc.*, 63 F. Supp. 2d 458, 463 (S. D. N. Y. 1999).   However, he argues his claim  is not barred by *Dastar*.

The parties do not cite authorities in which *Dastar* has been applied to factual allegations similar to those asserted in this case, nor has the Court located such authorities.   The Court has reviewed in detail the decision in *Dastar*, and concludes that it does not contain the broad holding that Defendants suggest.   The Court does not interpret *Dastar* as precluding all copyright infringement plaintiffs from also asserting § 43(a) claims.

 In *Dastar*, the plaintiff asserted a § 43(a) claim based on the conduct of a producer who made minor edits to a television series that had been, but was no longer, protected by copyright; the producer released the series as its own. 539 U.S. at 36-37.   The Court found that the phrase, "origin of goods" refers to "the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." 539 U.S. at 37.   The Supreme

Court held that the *Dastar* plaintiff was, in effect, attempting to assert a § 43(a) claim based on the authorship of the ideas in the series, rather than a tangible good, and concluded that such claim was not properly within the scope of § 43(a).

Plaintiff's § 43(a) claim in this case is based on Defendants' sale of tangible goods. Plaintiff contends that he both authored and produced the goods which he sold; he contends that Defendants sold the same goods in a manner that falsely suggested their products were those produced by Plaintiff. Unlike the plaintiff in *Dastar*, Plaintiff in this case does not appear to seek § 43(a) protection for his ideas; he directs this claim at the goods manufactured and sold by Defendants.

At least one court applying *Dastar* has rejected the argument that it precludes a plaintiff from bringing both a copyright infringement claim and a § 43(a) Lanham Act claim. *See Bach v. Forever Living Products U.S., Inc.*, 473 F. Supp. 2d 1110 ( W. D. Wash. 2007). In *Bach,* the Court concluded that a plaintiff could pursue both an infringement and false origin claim based on the same facts, finding that the plaintiff was asserting rights under both trademark and copyright law; it found that *Dastar* was inapplicable. *Id.* at 1118. The court interpreted *Dastar* as a case in which the plaintiff attempted "to use trademark law to prosecute plagiarism of their creative work," which was a claim based on copyright law. *Id.*

The parties' briefs and analysis of *Dastar* do not permit the Court to conclude that, as a matter of law, Plaintiff is barred from asserting a § 43(a) claim in this case. Accordingly, Defendants' motion on this issue is denied. If Plaintiff persists in asserting this claim at trial, however, Defendants may address this issue, supported by direct authority, in the trial brief they will be required to file in advance of trial; Plaintiff, of course, should also address the issue in his trial brief.

V. Conclusion:

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment [Doc. No. 101] is DENIED.

IT IS SO ORDERED this  30th  day of September, 2009.

_____
TIMOTHY D. DᴇGIUSTI
UNITED STATES DISTRICT JUDGE